# UNITED STATES
*v.*
# PEDRO ARCE.

---

San Juan, Criminal, No. 2972.

CRIMINAL LAW.

Force—Necessary Averment.
> Where the language of an act of Congress creates an offense and provides that such offense shall exist if the act be violated forcibly, the omission of the adverb "forcibly" from the indictment requires the court to direct the jury to render a verdict of not guilty and dismiss the case.

Opinion filed December 1, 1922.

---

*Mr. Ira K. Wells,* United States District Attorney, for United States.

United States v. Arce.

*Mr. B. F. Sauchez* for defendant.

ODLIN, Judge, delivered the following opinion:

At the close of the testimony offered by the government in this case the attorney for the defendant moved the court to direct the jury to render a verdict of not guilty and to dismiss this case.

It appears that the indictment was prepared in order to charge the defendant with violating § 65 of the New Criminal Code and the provisions of this § 65 are in substance the provisions of former § 5447. The language of § 65 makes it a felony if any person shall *forcibly* assault, resist, oppose, prevent, impede, or interfere with any officer of the customs or of the internal revenue, etc.

This indictment charges that this defendant did wilfully, knowingly, unlawfully and feloniously resist, oppose, impede, and interfere with a certain customs inspector, etc.

This court cannot say that a charge of wilfully, or knowingly, or unlawfully, or feloniously interfering with a customs inspector is indictable, taken in connection with the plain, clear language of § 65. The absence of the adverb "forcibly" from the indictment and the presence of said adverb "forcibly" in the law obliges me to grant the motion of counsel for the defendant.

Done and Ordered in open court this 1st day of December, 1922.